FRANKFURT KURNIT KLEIN & SELZ, P.C.
Jessie F. Beeber (JB-3129)
Heather B. Kamins (HK-1395)
488 Madison Avenue, 10th Floor
New York, NY 10022
(212) 980-0120

*Attorneys for Plaintiff*
*Ward Media, Inc.*

**07 CV 5470**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

WARD MEDIA, INC.,

                   Plaintiff,

        -against-

CREOSCOPE MEDIA, INC. and
FRISCHMAN ENTERPRISES, INC. d/b/a
PCSECURITYSHIELD,

                  Defendants.

-----------------------------------------------------------X

Case No. __-CV-____

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

    Plaintiff Ward Media, Inc. ("Ward Media" or "Plaintiff"), by its attorneys, Frankfurt

Kurnit Klein & Selz, PC, for its Complaint against Defendants Creoscope Media, Inc.

("Creoscope") and Frischman Enterprises, Inc. d/b/a PCSecurityShield ("PCSecurityShield"),

(jointly "Defendants"), hereby alleges as follows:

**THE PARTIES**

    1.  Ward Media, Inc. is a New York corporation with its principal place of business

at 141 W. 36th Street, 20th Floor, New York, NY 10018.

16103.300

2.   Upon information and belief, Defendant Creoscope Media, Inc. is a Florida corporation, with its principal place of business located at 1300 NW 17th Avenue, Suite 260, Delray Beach, FL 33445.

3.   Upon information and belief, Defendant Frischman Enterprises, Inc. d/b/a/ PCSecurityShield is a Florida corporation, with its principle place of business located at 601 N. Congress Avenue, Suite 303, Delray Beach, FL 33445.

## JURISDICTION AND VENUE

4    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that this action is between citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5.   The defendants also are subject to personal jurisdiction under C.P.L.R. 301 and 302(a)(1).

6.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this suit occurred in this District.

7.   Upon information and belief, this Court has personal jurisdiction over Creoscope and PCSecurityShield because their activities constitute a basis for application of jurisdiction under the laws of the State of New York.

8    The parties consented to jurisdiction and venue in New York County pursuant to paragraph 8 of the contracts between the parties.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.   On or about June 1, 2006, Creoscope entered into a contract with Plaintiff pursuant to which Plaintiff agreed to perform certain marketing and advertising services for

Defendant in connection with Defendant's "Supra Mortgage Refinance" campaign. A copy of this contract is annexed and made a part hereto as Exhibit A.

10. On or about December 5, 2006, Creoscope entered into a contract with Plaintiff pursuant to which Plaintiff agreed to perform certain marketing and advertising services for Defendant in connection with Defendant's "SupraFinancial Mortgage" campaign (together the "Contracts"). A copy of the "SupraFinancial Mortgage" contract is annexed and made a part hereto as Exhibit B.

11. Upon information and belief, on or before November 28, 2006, PCSecurityShield acquired Creoscope.

12. On or about November 28, 2006, PCSecurityShield agreed in writing to pay all amounts due and owing to Plaintiff by Creoscope (the "Guaranty").

13. Pursuant to the Contracts and the Guaranty, Plaintiff performed work, labor and services having a reasonable and agreed value of $113,836.00, no part of which has been paid, leaving a balance due and owing in the amount of $113,836.00 despite due demand thereof.

14. Plaintiff has duly performed all conditions on its part to be performed under the Contracts.

15. By reason of the foregoing, there is now due and owing to Plaintiff from Defendants the sum of $113,836.00 with interest.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Against Creoscope)

16. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. By virtue of the foregoing, a contract exists between Plaintiff and Defendant Creoscope under which Plaintiff, among other things, agreed to provide various services for Creoscope, and Creoscope agreed to pay Plaintiff for such services.

18. Pursuant to the aforesaid contract, Plaintiff rendered services to Creoscope for which there currently is an outstanding balance of not less than $113,836.00.

19. Plaintiff fully and adequately performed its obligations under the aforesaid contract, and has duly demanded payment from Creoscope, but no payment for the outstanding amount agreed to by Creoscope has been paid by Creoscope.  Therefore, payment of $113,836.00 is due and owing.

20. Creoscope has wrongfully breached the contract between the parties by virtue of its failure to pay Plaintiff for its services.

21. Plaintiff has been damaged by the Creoscope's breach in an amount to be determined at trial but not less than the sum of $113,836.00, plus interest and costs incurred by Plaintiff.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit Against Creoscope)

22. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Creoscope retained Plaintiff to provide services as described above, with the knowledge that it would have to pay for such services and other charges incurred or paid in connection with Plaintiff's work on the Creoscope's behalf.

24. The fair and reasonable value of the services performed by Plaintiff for or on behalf of Creoscope is at least $113,836.00.

25. Creoscope has failed to pay Plaintiff the outstanding amounts due despite due demand therefore.

26. By reason of the foregoing, Plaintiff has been damaged and is entitled to compensation for the reasonable value of such services in an amount to be determined at trial, but not less than the sum of $113,836.00, plus interest and costs incurred by Plaintiff.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment Against Creoscope)

27. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. By reason of the foregoing, Creoscope has been unjustly enriched in that it received the benefit of at least $113,836.00 worth of services which it cannot in good conscience be permitted to retain or use for its benefit without payment.

29. By reason of the foregoing, there is now due and owing from Creoscope to Plaintiff an amount not less than the sum of $113,836.00, plus interest and costs incurred by Plaintiff.

### FOURTH CLAIM FOR RELIEF
### (Account Stated Against Creoscope)

30. Plaintiff repeats and realleges each of the allegations in Paragraphs 1 through 29 above as if fully set forth herein.

31. Plaintiff regularly sent invoices and/or demands for payments to Creoscope setting forth the fees and expenses due, including invoices and/or demands for the amounts owed.

32. The invoices and/or demands for payment described herein were received and retained by Creoscope without any reasonable or timely objection being made thereto.

33. By reason of the foregoing, a full, just and true account has been made and stated between Plaintiff and Creoscope in the sum of no less than $113,836.00.

34. No part of said sum of no less than $113,836.00 has been paid by Creoscope to Plaintiff, despite due demand having been made.

35. By reason of the foregoing, there is now due and owing to Plaintiff from Creoscope the sum of no less than $113,836.00 plus interest.

## FIFTH CLAIM FOR RELIEF
### (Guaranty Against PCSecurityShield)

36. Plaintiff repeats and realleges each of the allegations in Paragraphs 1 through 35 above as if fully set forth herein.

37. Despite due demand, no part of said sum of no less than $113,836.00 has been paid by PCSecurityShield to Plaintiff on the Guaranty.

38. By reason of the foregoing, there is now due and owing to Plaintiff from PCSecurityShield the sum of no less than $113,836.00 plus interest.

## SIXTH CLAIM FOR RELIEF
### (Account Stated Against PCSecurityShield)

39. Plaintiff repeats and realleges each of the allegations in Paragraphs 1 through 38 above as if fully set forth herein.

40. On or about March 23, 2007, Plaintiff sent PCSecurityShield all unpaid invoices, which set forth the fees and expenses due.

41. Plaintiff demanded that PCSecurityShield immediately pay the amount due and owing.

42. The invoices and/or demand for payment described herein were received and retained by PCSecurityShield without any reasonable or timely objection being made thereto.

43. By reason of the foregoing, a full, just and true account has been made and stated between Plaintiff and PCSecurityShield in the sum of no less than $113,836.00.

44. No part of said sum of no less than $113,836.00 has been paid by PCSecurityShield to Plaintiff, despite due demand having been made.

45. By reason of the foregoing, there is now due and owing to Plaintiff from PCSecurityShield the sum of no less than $113,836.00 plus interest.

WHEREFORE, Plaintiff respectfully asks the Court to grant judgment to Plaintiff and against the Defendants as follows:

a.    On its First Claim for Relief, damages in an amount to be determined at trial, but not less than the sum of $113,836.00, plus interest, and such other and further relief as the Court deems just and proper;

b.    On its Second Claim for Relief, damages in an amount to be determined at trial, but not less than the sum of $113,836.00, plus interest, and such other and further relief as the Court deems just and proper;

c.    On its Third Claim for Relief, damages in an amount to be determined at trial, but not less than the sum of $113,836.00, plus interest, and such other and further relief as the Court deems just and proper;

d.    On its Fourth Claim for Relief, damages in an amount to be determined at trial, but not less than the sum of $113,836.00, plus interest, and such other and further relief as the Court deems just and proper;

e.    On its Fifth Claim for Relief, damages in an amount to be determined at trial, but not less than the sum of $113,836.00, plus interest, and such other and further relief as the Court deems just and proper;

f.    On its Sixth Claim for Relief, damages in an amount to be determined at trial, but not less than the sum of $113,836.00, plus interest, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.


Dated: New York, New York
June 8, 2007


FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Jessie F. Beeber (JB-3129)
Heather B. Kamins (HK-1395)
488 Madison Avenue
New York, New York 10022
(212) 980-0120

*Attorneys for Plaintiff Ward Media, Inc.*

Exhibit A

# WardMedia INC

## CAMPAIGN TYPE

○ CPM    ○ CPC    ● CPA    ○ Sponsorship    ○ Opt-out

## CONTACT INFORMATION

| | Advertiser | Agency | Publisher |
|---|---|---|---|
| Name | Gregory Van Horn | Craig McGuinn | |
| Company | Creoscope Media, Inc. | Ward Media Inc | |
| Address | 1052 NW 18th Avenue Boca Raton, FL 33486 | 141 W.36th Street, 20th Floor New York, NY 10018 | Ward Media Network |
| Phone | (561) 447-8266 | 212.967.5055 x 110 | |
| Fax | (561) 431-7809 | | |
| e-mail | gregv@creoscope.com | cmcguinn@wardmediainc.com | |

## CAMPAIGN INFORMATION

| Run Dates | Campaign | Rate/Terms | Media Type | Terms |
|---|---|---|---|---|
| 06/01/2006 – OPEN | Supra Mortgage Refinance Campaign | $35/CPL Max 5% Lender Return on Refi & Must Pass Zip Code and Dupe Validation | Email/web | Net 15 |
| Run Dates | Campaign | Rate/Terms | Media Type | Terms |
| 06/01/2006 – OPEN | Supra Mortgage Refinance Campaign | $27/CPL Max 5% Lender Return on Refi & Must Pass Zip Code and Dupe Validation Post Requirements: HTTP Post Real-Time | Co-Reg | Net 15 |
| Run Dates | Campaign | Rate/Terms | Media Type | Terms |
| 06/01/2005 – OPEN | Supra Mortgage Refinance Campaign for IMG placement only | $32/CPL Max 5% Lender Return on Refi & Must Pass Zip Code and Dupe Validation Post Requirements: HTTP Post Real-Time | Co-Reg | Net 15 |
| Run Dates | Campaign | Rate/Terms | Media Type | Terms |
| 06/01/2006 – OPEN | Supra Mortgage Refinance Campaign for IMG placement only | $12.00/CPL Lower Tier states OH\|PA\|WI\|LA\|KY\|SC\|OK\|TL\|AL\|M I\|WV\|TX Max 5% Lender Return on Refi & Must Pass Zip Code and Dupe Validation Post Requirements: HTTP Post Real-Time | Co-reg | Net 15 |
| Run Dates | Campaign | Rate/Terms | Media Type | Terms |
| 06/01/2006 – OPEN | Intellilend | $8.50/CPL Step 1 only. 5 fields, email, type of loan, type of home, property state, your credit | Email | Net 15 |

**Required Fields for MORTGAGE offers are as follows:** First, Last, City, State, Zip, Street Address, Home Phone, Email Address, House Type, House Value, Loan Amount, First Mortgage Balance, Credit Status, Current Interest Rate Type, Current Interest Rate, Desired Loan Type, Best time to call, IP Address of user.  LTV – 90% or less and Loan Amount $75K or higher

Additional Items:

1.) Advertiser will return for any bad leads (counterfeit, incomplete data, improper format, etc.) within 3 business days of receipt. Advertiser will provide feedback or files on bad leads upon request within 3 business days.

2.) All billable leads will be based off Advertisers numbers.



**WardMedia** INC

3 ) For any campaign going off of the Advertiser numbers, a login or stat reporting must be provided before campaign launch.

4.) Publisher MUST provide stats upon request.

5.) Agency and/or Advertiser may cancel at any time with 72 hours email notification.

6.) Agency/Publisher will be **NET 15** from Advertiser.

7.) In placing this order, Ward Media, Inc. acts solely as agent for our client, the advertiser named herein, and assumes no liability whatsoever for payment for these charges until such time as they have received cleared funds from the advertiser. The agency will however, undertake to collect and forward monies due to the vendor under this order with diligence and in good faith.

IN WITNESS WHEREOF, the parties hereto execute this Agreement effective the date first above written.

Signature: _____

Title/Company: _VP, Creoscope Media_

Signature: _____

Title/Company: __ Ward Media Inc _____

WardMedia INC

Insertion Order WMA-Prog001aa
WM Rep: CM
Date:    06/1/2006

## General Terms and Conditions

The following terms and conditions are incorporated and included in the attached Insertion Order and these General Terms and Conditions are referred to collectively herein as the "Agreement".

1. Representation. Advertiser represents and warrants that: (1) it is the owner or is licensed to use the entire contents and subject matter contained in the Website; (2) the Website is free of any "worm", "virus" or other device that could impair or injure any person or entity; (3) the Website does not violate any law or regulation governing false or deceptive advertising, comparative advertising, or trade disparagement; (4) the Website does not contain any misrepresentation, or content that is defamatory or violates any rights of privacy or publicity; (5) Advertiser is generally familiar with the nature of the Internet and will comply with all laws and regulations that may apply; and (6) the Website does not and will not infringe any copyright, trademark, patent or other proprietary right.

2. Payment. The parties understand and agree that payment will be owed to Agency from Advertiser as stated above. All accounts will be paid in US dollars ($US). All payments are based on actual figures as defined, accounted and audited by Agency. Advertiser is liable for payment of account based on the actual final numbers it has provided to the Agency.

3. Termination. Either party may terminate this Agreement with 72 hours written notice or via email.

4. Indemnification. Each party agrees to indemnify, defend and hold harmless the other party and its officers, directors, shareholders, managers, employees agents, successors and assigns against any any and all claims, losses, liabilities, damages, penalties, fines, forfeitures, judgments, and any other fees, costs, and expenses, including attorneys' fees and related costs and expenses, (collectively "Claims") resulting from the negligence or misconduct of the indemnifying party, except to the extent resulting from the negligence or misconduct of the other party.

5. NO LIABILITY. UNDER NO CIRCUMSTANCES SHALL WMI BE LIABLE FOR LOST PROFITS, INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES (EVEN IF SUCH DAMAGES ARE FORESEEABLE, AND WHETHER OR NOT WMI HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES) ARISING FROM ANY ASPECT OF THE ADVERTISING RELATIONSHIP PROVIDED FOR HEREIN.

6. Force Majeure. If performance of this Agreement or any obligation under this Agreement is delayed, prevented, restricted, or interfered with by causes beyond either party's reasonable control ("Force Majeure"), and if the party unable to carry out its obligations gives the other party prompt written notice of such event, then the obligations of the party invoking this provision shall be suspended to the extent made necessary by such event. The term "Force Majeure" shall include, without limitation, acts of God, fire, explosion, vandalism, storm, natural emergencies or other similar occurrences, orders or acts of military or civil authority, or by insurrections, riots, wars, power failures and/or communications line and network failures.

7. Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof. This Agreement is non-exclusive. No oral promises or representations in connection herewith shall be binding upon either party, nor shall this Agreement be modified in any manner except by amendment in writing executed by the parties hereto.

8. Governing Law. This Agreement shall be governed by, construed and interpreted according to the laws of the state of New York. The parties agree that the appropriate, convenient and exclusive venue for any litigation arising out of this Agreement shall be the court of appropriate jurisdiction in Manhattan County, New York State. The parties hereby waive any right to a jury trial in such litigation.

9. Waiver. Failure of either party to insist upon strict compliance with the terms and conditions of this Agreement shall not be considered a waiver of such terms and conditions, which either party may enforce at any later date. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or unenforceability of any other provision hereunder.

IN WITNESS WHEREOF, the parties hereto execute this Agreement effective the date first above written.

Signature: _____

Signature: _____

Title/Company: _UP, Creescape Media_

Title/Company: __Ward Media Inc_

Exhibit B

 **Ward**Media INC

Insertion Order #: **WMA-CS-1601**
WM Rep: **CM**
Date: **12/5/2006**

## CAMPAIGN TYPE

o CPM    o CPC    ● CPL/Opt-in    o Sponsorship    o Opt-out

## CONTACT INFORMATION

|  | Advertiser | Agency | Publisher |
|---|---|---|---|
| Name | Gregory Van Horn | Craig P McGuinn III |  |
| Company | Creoscope Media Inc | Ward Media Inc | Ward Media Network |
| Address | 1300 N W 17th Avenue Suite 260 Delray Beach, FL 33445 | 141 W 36th Street, 20th Floor New York, NY 10018 |  |
| Phone | 561-279-9117 x 100 | 212.967.5055 x 110 |  |
| Fax | 561.431.7809 | 212-504-2671 |  |
| e-mail | gregv@creoscope.com | cmcguinn@wardmediainc.com |  |

## CAMPAIGN INFORMATION

| Run Dates | Campaign | Rate/Volume | Terms |
|---|---|---|---|
| 11/1/2006 - OPEN | SupraFinancial Mortgage | $16 cpl Max 5% Lender Return on Refi & Must Pass Zip Code and Dupe Validation Post Requirements: HTTP Post Real-Time | Net 15 |

- **Required fields for the form:** First, Last, City, State, Zip, Street Address, Home Phone, Email Address, House type, House value, Loan amount, First Mortgage Balance, Credit Status, Current Interest Rate Type, Current Interest Rate, Desired Loan type, Best time to call, IP address of user
- **Geo Target to states:** US Only
- **Campaign must be approved prior to launch.**
- **All additional technical information and posting instructions will be provided by the advertiser.**
- **All lead data will be Real Time Post**

Additional items

1.) Advertiser will return for any bad leads (counterfeit, incomplete data, improper format, etc.) within 10 business days of receipt. Advertiser will provide feedback or files on bad leads upon request within 10 business days.
2.) All billable leads will be based off Advertisers numbers.
3.) For any campaign going off of the Advertiser numbers, a login or stat reporting must be provided before campaign launch.
4.) Agency and/or Advertiser may cancel at any time with 48 hours email notification.
5.) Agency/Publisher will be **NET 15** from Advertiser
6.) In placing this order, Ward Media, Inc. acts solely as agent for our client, the advertiser named herein, and assumes no liability whatsoever for payment for these charges until such time as they have received cleared funds from the advertiser. The agency will however, undertake to collect and forward monies due to the vendor under this order with diligence and in good faith.

IN WITNESS WHEREOF, the parties hereto execute this Agreement effective the date first above written.

Signature: _____    Title/Company: _Pres, Creoscope Media, Inc._

Signature _____    Title/Company: __ Ward Media Inc _____

12/13/2006  02:47    5614317809              CREOSCOPE MEDIA INC                      PAGE  02

# **Ward**Media INC

Insertion Order #: __WMA-CS-1501__
WM Rep: ___CM___
Date: ___12/5/2006___

## General Terms and Conditions

The following terms and conditions are incorporated and included in the attached Insertion Order and these General Terms and Conditions are referred to collectively herein as the "Agreement".

1. Representation. Advertiser represents and warrants that: (1) it is the owner or is licensed to use the entire contents and subject matter contained in the Website; (2) the Website is free of any "worm", "virus" or other device that could impair or injure any person or entity; (3) the Website does not violate any law or regulation governing false or deceptive advertising, comparative advertising, or trade disparagement; (4) the Website does not contain any misrepresentation, or content that is defamatory or violates any rights of privacy or publicity; (5) Advertiser is generally familiar with the nature of the Internet and will comply with all laws and regulations that may apply; and (6) the Website does not and will not infringe any copyright, trademark, patent or other proprietary right.

2. Payment. The parties understand and agree that payment will be owed to Agency from Advertiser as stated above. All accounts will be paid in US dollars (SUS). All payments are based on actual figures as defined, accounted and audited by Agency. Advertiser is liable for payment of account based on the actual final numbers it has provided to the Agency

3. Termination. Either party may terminate this Agreement with 48 hours written notice or via email.

4. Non-Circumvent. By accepting this agreement advertiser agrees not to contact or do business in any way with the network/publisher herein that Ward Media, Inc. is acting as agency for a period of not less than twelve (12) months unless otherwise agreed to in writing by Ward Media, Inc.

5. Indemnification. Each party agrees to indemnify, defend and hold harmless the other party and its officers, directors, shareholders, managers, employees agents, successors and assigns against any and all claims, losses, liabilities, damages, penalties, fines, forfeitures, judgments, and any other fees, costs, and expenses, including attorneys' fees and related costs and expenses, (collectively "Claims") resulting from the negligence or misconduct of the indemnifying party, except to the extent resulting from the negligence or misconduct of the other party

6. NO LIABILITY. UNDER NO CIRCUMSTANCES SHALL WMI BE LIABLE FOR LOST PROFITS, INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES (EVEN IF SUCH DAMAGES ARE FORESEEABLE, AND WHETHER OR NOT WMI HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES) ARISING FROM ANY ASPECT OF THE ADVERTISING RELATIONSHIP PROVIDED FOR HEREIN.

7. Force Majeure. If performance of this Agreement or any obligation under this Agreement is delayed, prevented, restricted, or interfered with by causes beyond either party's reasonable control ("Force Majeure"), and if the party unable to carry out its obligations gives the other party prompt written notice of such event, then the obligations of the party invoking this provision shall be suspended to the extent made necessary by such event. The term "Force Majeure" shall include, without limitation, acts of God, fire, explosion, vandalism, storm, natural emergencies or other similar occurrences, orders or acts of military or civil authority, or by insurrections, riots, wars, power failures and/or communications line and network failures.

8. Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof. This Agreement is non-exclusive. No oral promises or representations in connection herewith shall be binding upon either party, nor shall this Agreement be modified in any manner except by amendment in writing executed by the parties hereto.

9. Governing Law. This Agreement shall be governed by, construed and interpreted according to the laws of the state of New York. The parties agree that the appropriate, convenient and exclusive venue for any litigation arising out of this Agreement shall be the court of appropriate jurisdiction in Manhattan County, New York State. The parties hereby waive any right to a jury trial in such litigation.

10. Waiver. Failure of either party to insist upon strict compliance with the terms and conditions of this Agreement shall not be considered a waiver of such terms and conditions, which either party may enforce at any later date. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or unenforceability of any other provision hereunder.

12/13/2006  01:47   5614317889                  CREOSCOPE MEDIA INC                          PAGE  03



Insertion Order #: __WMA-CS-1601__
WM Rep: _____CM_____
Date: _____12/5/2006__

IN WITNESS WHEREOF, the parties hereto execute this Agreement effective the date first above written.

Signature: _____          Title/Company: _Pres . Creoscope Media, Inc._

Signature: _____          Title/Company: __Ward Media Inc _____